IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>v.<br><br>OFFICE OF THE COMPTROLLER OF MARYLAND,<br><br>    Respondent. | Case No.: 22-cv-2757 |

**MEMORANDUM OF LAW IN SUPPORT OF
PETITION TO ENFORCE UNITED STATES POSTAL SERVICE
OFFICE OF INSPECTOR GENERAL SUBPOENA *DUCES TECUM***

**INTRODUCTION**

This is a proceeding filed by Petitioner, the United States of America, on behalf of its agency, the United States Postal Service (the "United States") to obtain summary judicial enforcement of an administrative subpoena issued to Respondent, the Office of the Comptroller of Maryland (the "Comptroller"). The subpoena was issued pursuant to an inquiry by the United States Postal Service Office of the Inspector General ("USPS-OIG") concerning its investigation into a Postal Service employee's ("Employee") workers compensation claim. Richards Decl. ¶¶ 1-2, attached as Ex. 1.

On April 22, 2022, USPS-OIG Deputy General Counsel Julius Rothstein issued an Inspector General subpoena related to the investigation of the Employee's workers compensation claim under the authority of the Inspector General Act of 1978 (the "Act"). 5 U.S.C. app. 3 § 6(a)(4). *See* Richards Decl. ¶ 2, Ex. 1. Subpoena Number 221269 (the "Subpoena") requests that the Comptroller produce all records of individual State of Maryland income tax returns and any attached forms and documents filed with the tax returns, such as W2s, 1099s, and payments

received. A copy of the Subpoena is attached as Exhibit A to the Richards Declaration, Exhibit 1. On April 29, 2022, USPS-OIG Special Agent ("SA") Kenneth Richards served Respondent with a copy of the subpoena by Certified Mail. Richards Decl. ¶ 3, Ex. 1.

The Comptroller has declined to produce the subpoenaed records without a court order based on sections 13-201, 13-202 & 13-1018 of the Tax-General Article of the Annotated Code of Maryland ("Tax-Gen."). May 31, 2022, Letter from Oliner to Robbins ("Letter"), attached as Ex. 2. Tax-Gen. § 13-202 prohibits the disclosure of tax information, as defined in § 13-201, in the custody of the Comptroller. Tax-Gen. § 13-1018 subjects Comptroller employees to criminal prosecution if they disclose tax information that is the custody of the Comptroller. Notwithstanding Tax-Gen. § 13-202, Tax-Gen. § 13-203(b) allows Comptroller employees to disclose tax information pursuant to a court order.

The United States asks this Court to issue an order directing the Comptroller to disclose information responsive to the Subpoena. The Agency has authority to issue the Subpoena, the Subpoena comports with due process, and the information sought by the Subpoena is relevant to USPS-OIG's investigation into the Employee's workers compensation claim. Additionally, the Comptroller does not contend that compliance with the Subpoena would be unduly burdensome. The Court, therefore, should enter the attached Order compelling the Comptroller to comply with the Subpoena.

## FACTUAL BACKGROUND

The USPS-OIG is investigating the Employee, who it suspects is committing workers compensation fraud by, among other things, failing to report income. The Employee's State income tax returns and related information would provide USPS-OIG with documentary evidence to prove the source of the Employee's income. Because of the importance of the requested

information to the USPS-OIG's investigation, the United States requests that this Court summarily enforce the Subpoena issued to the Comptroller.

**ARGUMENT**

The USPS-OIG issued the Subpoena pursuant to its powers under the Act, 5 U.S.C. app. 3 §§ 1-12. A subpoena issued by the USPS-OIG is enforceable by order of a federal district court. *Id.* § 6(a)(4). The scope of the Court's review is limited. *EEOC v. Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 143 (4th Cir. 1997). When petitioning a court for enforcement of an administrative subpoena, the issuing agency need only demonstrate that "the subpoena is within the agency's authority, that the agency has satisfied statutory requirements of due process, and that the information sought is relevant and material to the investigation." *EEOC v. Maryland Cup Corp.*, 785 F.2d 471, 476 (4th Cir. 1986); *see also United States v. Morton Salt Co.*, 338 U.S. 632, 652-53 (1950); *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 216, (1946); *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 508-509 (1943); *EEOC v. Randstad*, 765 F. Supp. 2d 734, 738 (D. Md. 2011), *rev'd and remanded on other grounds*, *EEOC v. Randstad*, 685 F.3d 433 (4th Cir. 2012). Once the agency meets this threshold, the "Court must enforce the subpoena unless the party being investigation demonstrates that the subpoena is unduly burdensome." *Randstad*, 765 F.2d at 738 (citing *Maryland Cup Corp.*, 785 F.2d at 476); *see also Morton Salt Co.*, 338 U.S. at 653; *Oklahoma Press*, 327 U.S. at 217. To ensure the summary nature of enforcement proceedings, the government is authorized to rely on affidavits or declarations to demonstrate that the requirements for enforcement of an administrative subpoena have been satisfied. *United States v. Stuart*, 489 U.S. 353, 360 (1989); *McVane v. FDIC*, 44 F.3d 1127, 1139 (2d Cir. 1995).

The Comptroller does not challenge the subpoena on due process or relevance grounds. Letter, Ex. 2.

The Comptroller does not necessarily challenge USPS-OIG's authority to issue the Subpoena either. Rather, it maintains that its employees are prohibited under State law from complying with the Subpoena. Based on an exception to Maryland's statute prohibiting Comptroller employees from disclosing tax information, however, Comptroller employees may disclose the Employee's tax information pursuant to a proper Court order, which the United States seeks by this Petition.

The Comptroller does not assert that compliance with the Subpoena would be unduly burdensome. *See* Letter, Ex. 2.

I.      **USPS-OIG has statutory authority to issue the Subpoena.**

USPS-OIG's request in this matter is squarely within the agency's authority. Under the Act, USPS-OIG is charged with detecting and investigating fraud and has broad subpoena power to support that task. In particular, USPS-OIG is authorized "to conduct, supervise, and coordinate audits and investigations relating to the programs and operations of [the Postal Service]," 5 U.S.C. app. 3 § 4(a)(1), and "to conduct, supervise, or coordinate other activities . . . for the purpose of . . . preventing and detecting fraud and abuse in . . . [Postal Service] programs and operations," *id.* § 4(a)(3). To fulfill these duties, the Act provides the Inspector General with authority to "subpoena the production of all information, documents, reports, answers, records, accounts, papers, and other data and documentary evidence necessary in the performance of the functions assigned by this Act." *Id.* § 6(a)(4).

The subpoena in this matter is in furtherance of an investigation into the Employee's workers compensation claim. As mentioned above, USPS-OIG suspects that the Employee is

committing workers compensation fraud by, among other things, failing to report income. This type of investigation clearly is within the Inspector General's authority and duties to investigate fraud, waste, and abuse in the Postal Service's programs and operations. Accordingly, USPS-OIG is acting within its authority in seeking the information requested in the Subpoena.

II.     **Comptroller employees may release tax information pursuant to a Court order.**

State law prohibiting Comptroller employees from disclosing tax information is subject to several exceptions, one of which is that they may disclose such information pursuant to a court order. Tax-Gen. § 13-203(b) ("Tax information may be disclosed in accordance with a proper judicial order . . . ."). For this reason, the United States seeks a court order requiring the Comptroller to disclose the tax information requested by the Subpoena.

As explained above, the Comptroller does not challenge that the Subpoena comports with due process and seeks information relevant to USPS-OIG's investigation into the Employee's workers compensation claim. To the extent that the Comptroller's response to the Subpoena could be construed as challenging USPS-OIG's authority to issue the Subpoena, the United States established in the preceding section that USPS-OIG clearly has such authority. Therefore, the agency's threshold showing has been made.

The Comptroller does not challenge the Subpoena on the basis that compliance would be unduly burdensome. Therefore, there are no obstacles to entry of the requested Order compelling the Comptroller to comply with the Subpoena.

## CONCLUSION

The investigation under which the subpoena was issued is authorized under the Inspector General Act of 1978, as amended, the materials requested by subpoena are reasonably relevant to the inquiry, and the request is not unduly burdensome.

Accordingly, the United States respectfully requests that this Court grant the United States' Petition for summary enforcement of the USPS-OIG's subpoena issued to the Office of the Comptroller of Maryland and enter an order requiring the Office of the Comptroller of Maryland to produce by a date certain a complete and unredacted version of all documents and materials described in the subpoena.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: */s/ Kelly M. Marzullo*
Kelly M. Marzullo (Bar No. 28036)
Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4956 (direct)
(410) 962-2310 (fax)
kelly.marzullo@usdoj.gov